IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROXANNA SNYDER, also known as Roxanna Torres, on behalf of James J. Torres, deceased,<br><br>        Plaintiff,<br><br>    v.<br><br>DIMA VIII, Inc., et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. Action No. 14-444-GMS<br>)<br>)<br>)<br>) |

**MEMORANDUM**

The plaintiff, Roxanna Snyder ("Snyder"), filed this lawsuit on April 8, 2014. (D.I. 2.) She proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. It appears that the court has jurisdiction by reason of the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332.[1] The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).

## I. BACKGROUND

The body of Snyder's brother, James J. Torres ("Torres") was discovered in his Wilmington, Delaware apartment[2] on February 27, 2014 by his neighbor, the defendant Michael Irizarry ("Irizarry"). Irizarry contacted the police, and Police Officer Spearman ("Spearman") arrived to investigate the scene. Spearman spoke to Irizarry and Torres' friend and neighbor, the

---

[1] Snyder provided the court with an address in New Jersey, and it appears that all defendants are located in Delaware, so there citizens of different states. The amount in controversy is unknown at this time. *See* 28 U.S.C. § 1332.

[2] DIMA VIII, Inc. ("DIMA") provides affordable housing for the mentally ill and is a named defendant. *See* http://guidestar.org/organizations. It is unclear if Torres' housing was provided by DIMA.

defendant William Brittingham ("Brittingham") as part of his investigation. The Medical Examiner's Office was contacted and the defendant Forensic Investigator William O'Leary ("O'Leary") responded to the scene. There were no apparent signs of trauma, and Torres was pronounced dead by a Wilmington Hospital physician.[3]

Spearman unsuccessfully attempted to contact/notify Torres' reported next of kin/father, Jose Torres. (*See* D.I. 2 Spearman initial crime report.) Snyder was notified of her brother's death via text by Medical Examiner James Patton approximately one month and two weeks after Torres' death. Snyder alleges that, while the neighbors told police that her brother had no contacts, they knew that he had family. She further alleges that her brother's room was ransacked and robbed before the EMT's arrived. Snyder alleges that "it was not right for [the defendants] not to contact any family. Torres always slept with his cell phone and pants on with his wallet." Snyder gave Torres the wallet in January 2014, and her name was inside the wallet.

Snyder submitted exhibits and, it appears, seeks to the have the investigation of Torres' death reopened. (D.I. 6.) Finally, Snyder recently asked the court for assistance with her brother's estate.[4] (D.I. 7.)

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual

---

[3]Autopsy results state that Torres died of natural causes from hypertensive and atherosclerotic cardiovascular disease and diabetes mellitus. (D.I. 6, death certificate.)

[4]The court cannot assist Snyder with the probate of her brother's estate.

2

allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Snyder proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Snyder leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The

assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. Prayer for Relief

Initially, the court notes that although the complaint contains a prayer for relief, it does not explain what relief Snyder seeks from the court other than "justice" for her brother. Federal Rule of Civil Procedure 8(a)(2) and (3) require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "a demand for the relief," Fed. R. Civ. P. 8(a)(3)." *See e.g., Scibelli v. Lebanon Cnty.*, 219 F. App'x 221, 222 (3d Cir. 2007) (unpublished). *See also, Klein v. Pike Cnty. Comm'rs*, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011) (failure to articulate a prayer for relief compels dismissal). Snyder's failure to specify relief of any sort of relief weighs in favor of dismissal for noncompliance with Rule 8. *See Liggon-Redding v. Souser*, 352 F. App'x 618, 619 (3d Cir. 2009) (unpublished) (affirming dismissal without prejudice where complaint failed to identify

relief sought). Inasmuch as the complaint does not explain what relief Snyder seeks, the complaint will be dismissed without prejudice.

### B. Duty to Notify

In addition, it is not clear from the complaint under what theory Snyder proceeds. At most, it appears that she attempts to raise a negligence claim against all the defendants for failure to notify her of the death of her brother. The court is unaware of any statutory or common law duty of landlords, friends, or neighbors to notify family members of a deceased person. However, 29 Del. C. § 4706 provides than when a person dies suddenly when in apparent health or when unattended by a physician, once notified, the office of the Chief Medical Examiner shall promptly notify a relative or close acquaintance of the deceased, if known. *See* 29 Del. C. §§ 4706(a) and (b).

As alleged, the court is unable to determine what type of claim or claims Snyder attempts to raise and, therefore, the court finds that the complaint fails to state a claim upon which relief may be granted. Certainly, it is clear that she is distressed by her brother's death. Snyder appears *pro se* and, therefore, she is given some latitude in pleading. Since it appears plausible that she may be able to articulate a claim against the defendants (or name alternative defendants), she will be given an opportunity to amend her pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (unpublished) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

### IV. CONCLUSION

For the above reasons, the court will dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Snyder will be

5

given leave to amend the complaint.

    An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

_June 25_, 2014
Wilmington, Delaware